**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:09-cv-1536-TWP-TAB |
| | ) | |
| OFFICER ASH, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Appointment of Counsel**

**I.**

This civil rights action brought by an Indiana prisoner has proceeded to the point where the defendant has filed a motion for summary judgment. The plaintiff has through **June 1, 2011**, in which to respond to the motion for summary judgment.

The plaintiff has filed a motion for appointment of counsel (Dkt. No. 71), which is to be addressed prior to a ruling on the pending motion for summary judgment. *Brown-Bey v. United States.* 720 F.2d 467, 471 (7th Cir. 1983)("A trial court must rule on a request for appointed counsel before ruling on a summary judgment motion or a motion to dismiss.")(citing *Emory v. Duckworth,* 555 F. Supp. 985, 987 (N.D.Ind. 1983)).

**II.**

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989).

The court applies a three-part inquiry when deciding whether to grant such requests for counsel. The first of these is to determine "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

There is some indication that the plaintiff has been unsuccessful in recruiting representation.

The plaintiff is within the spectrum of "most indigent parties" because he has had a meaningful opportunity to present his claims, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by his claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). As to this last factor, the defendant argues in his motion for summary judgment that this action was filed without the plaintiff having exhausted available administrative remedies and thus must be dismissed. The defendant bears the burden of establishing the merit of this defense. The plaintiff has been informed of the proper manner in which to respond to the motion for summary judgment and of the consequences of failing to do so. At this stage of the proceedings, the Court finds that plaintiff has not met the burden which would require the Court to appoint counsel. The plaintiff may renew his request that the court attempt to recruit counsel to represent him in this action if the ruling on the motion for summary judgment does not completely resolve the case.

The plaintiff's request for the appointment of counsel (Dkt. No. 71) is **denied** for the present.

**IT IS SO ORDERED.**

Date:  05/19/2011
_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Adam  Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

Michael Hughes
DOC #922417
Miami Correctional Facility
Inmate Mail/Parcels
8038 W. 850 South
Bunker Hill, IN 46914