UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL HUGHES, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:09-cv-1536-TWP-TAB |
| | ) | |
| OFFICER ASH, | ) | |
| Defendant. | ) | |

**Entry Denying Motion for Summary Judgment**

Michael Hughes was incarcerated at the Putnamville Correctional Facility (PCF) in Greencastle, Indiana for a period of time. Hughes claims that while at the PCF defendant Officer Ash violated his constitutional rights by failing to intervene when he was attacked by another offender. Hughes alleges that he was threatened by his former cellmate, Marc Canton. He told Officer Ash of these threats but Officer Ash said he couldn't do anything about it. When Officer Ash was on duty, Canton attacked Hughes with a lock on a belt. Officer Ash watched the attack and did not intervene. Officer Ash seeks resolution of this action through the entry of summary judgment, arguing that Hughes failed to exhaust his administrative remedies prior to filing this action.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The

applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The substantive law applicable to the defendant's motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Hughes as the non-moving party.

> 1. The PCF is a prison operated by the Indiana Department of Correction ("DOC"). Hughes was incarcerated at the PCF from November 2007 until August 2009. As required under DOC policy, there has been an offender

grievance program in place at PCF the entire time Hughes was incarcerated there.

2. A complaint that a staff member or members failed to respond to offender upon offender violence or a fight between offenders is an issue that could have been grieved by an offender. That is, such a concern was within the scope of the grievance policy at the PCF.

3. The DOC operational procedure for the grievance process in effect during 2008-2009 specified that in order for the grievance to be considered, it must include the following information: (1) Name(s) of staff involved, if a staff person is involved; (2) Date and time of the incident; (3) Location where incident occurred; (4) What happened or was said; (5) Names of witnesses; and, (6) Names of staff contacted by the offender and the response they provided to the offender at the informal step. Grievance Policy, Dkt 67-6 at p. 15. In addition:

> Grievances citing multiple unrelated incidents/issues are not acceptable. Grievances are to be limited to one (1) incident/ issue and should contain sufficient information to allow an investigation. When a grievance is submitted which does not meet this requirement, the offender is to be notified that it is not acceptable as written and must be rewritten to accommodate the format. Where a problem has

> several aspects, the Executive Assistant should instruct the offender to state grievances in a general way that encompasses all pertinent information.

Grievance Policy, Dkt 67-6 at p. 16.

4. Hughes exhausted his administrative remedies in respect to grievance no. 47399. That grievance alleged that on October 28, 2008, Hughes was assaulted at his bed area by offender Canton who slept in the bunk above Hughes. Canton used a lock attached to a belt to beat him causing serious injury. In advance of the attack, Hughes contacted Officer Ash and told him that Canton was threatening him. Officer Ash informed other officers about the threats, but nothing was done. Hughes wrote: "I feel I deserve protection from this kind of attack and injury when I've made the proper staff aware of the problem."

5. Hughes received a response on February 17, 2009. He appealed the decision. He received a final appeal response, denying his appeal, on February 23, 2009.

## Discussion

Officer Ash argues that Hughes failed to exhaust his administrative remedies prior to bringing this action. In support of this argument, he provides a declaration from Mr. Williams, a grievance specialist at the PCF, in which Williams states: "I conclude from the absence of grievance records regarding an incident alleging a failure to intervene by Officer Ash into the physical altercation at the time it

happened between Offender Hughes and his dorm mate that Offender Hughes failed to avail himself of the grievance process that was available to him." See dkt 67-1 at p.4. The court does not agree.

Officer Ash correctly notes that the Supreme Court instructed in *Jones v. Bock*, 549 U.S. 199 (2007), that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Supreme Court opined that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and cited the Fifth Circuit's statement that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Id.* at 218-19 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). But it is the prison regulations which control the inquiry. Those regulations, as well as the content of Hughes' grievance in no. 47399, have been described.

Officer Ash's argument that Hughes failed to file a grievance concerning the issue of Officer Ash's alleged inaction towards the beating is unpersuasive. Hughes properly summarized the circumstances of his grievance in a "general way that encompasses all pertinent information" as required by the grievance policy. The grievance clearly covers the conduct alleged in the amended complaint. Hughes exhausted his administrative remedies in respect to grievance no. 47399 and the

content of that grievance placed prison officials on notice of Hughes' concerns, which are entwined with his failure-to-protect claim in this case.

Given these circumstances, Officer Ash's motion for summary judgment [Dkt. 67] is **denied**. The disputed features and circumstances associated with a second grievance are irrelevant. Grievance number 47399 was sufficient.

**IT IS SO ORDERED.**

Date: 02/13/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Hughes
DOC #922417
Miami Correctional Facility
Inmate Mail/Parcels
8038 W. 850 South
Bunker Hill, IN 46914

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Cory Voight
INDIANA ATTORNEY GENERAL
Cory.voight@atg.in.gov