UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-1536-TWP-TAB |
| | ) | |
| OFFICER ASH, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DISCUSSING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Hughes ("Mr. Hughes") is an inmate of the Indiana Department of Correction ("DOC"). He brings this action based on an altercation that took place while he was incarcerated at the Putnamville Correctional Facility ("PCF"). Mr. Hughes alleges that defendant Darrell Ash ("Officer Ash") violated his Eighth Amendment right to be free of cruel and unusual punishment because he was deliberately indifferent to the risk that Mr. Hughes would be harmed by a fellow inmate. Officer Ash has moved for summary judgment (Dkt. 123). His motion is **GRANTED in part** and **DENIED in part**.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

[A] party seeking summary judgment always bears the initial responsibility of

>informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  To survive summary judgment, the non-moving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor.  *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."  *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).  *See* Fed. R. Civ. P. 56(c)(1)(A),(B) (both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party.  *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir.1994).  However, "before a non-movant can benefit from a favorable view of the evidence, it must show that there is some genuine evidentiary dispute."  *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009).

## II. STATEMENT OF MATERIAL FACTS

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Hughes as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).[1]

Mr. Hughes was incarcerated at PCF from November 2007 until August 2009. At all times relevant to this case, Officer Ash was employed by the DOC as a correctional officer at PCF in Greencastle, Indiana. While incarcerated at PCF, Mr. Hughes was housed in 11 North, a medical dorm within the facility. In September 2008, offender Marc Canton ("Mr. Canton") was assigned to be cellmates with Mr. Hughes. Mr. Hughes was assigned to the bottom bunk due to medical problems related to a previous back injury. While they were cellmates, Mr. Hughes and Mr. Canton had several discussions about Mr. Hughes shaking their bed due to his back problems.

While Mr. Canton did not tell Mr. Hughes when he would assault him, Mr. Hughes reported to Officer Ash that Mr. Canton had threatened him and asked if either he or Mr. Canton could be moved. Mr. Hughes later reported escalated threats including that Mr. Canton, was going to send Mr. Hughes to the hospital, to Officer Ash and other officers.[2] At the time, Officer

---

[1] Officer Ash asks the Court to strike Mr. Hughes' Exhibit 4 in response to his motion for summary judgment. Because Exhibit 4 is unsworn and not otherwise authenticated, the Court will not consider it.

[2] Officer Ash challenges Mr. Hughes' statements that he reported the threats as hearsay, but because Mr. Hughes uses his testimony to show that Officer Ash was aware of the threats, not to show the truth of the matter asserted in those statements, the Court will consider Mr. Hughes' testimony.

Ash did not have the authority to unilaterally change an offender's cell assignment.[3] Officer Ash informed Mr. Hughes of this and advised his immediate supervisor of the situation. Mr. Hughes made the same request to Officer Ash's supervisor, and that request was denied. Mr. Hughes did not request to be put in protective custody.

On October 27, 2008, Mr. Canton attacked Mr. Hughes with a padlock attached to the end of a belt. Officer Ash was one of the correctional officers assigned to Mr. Hughes' dorm the day of the assault. Officer Ash was assigned to the side of the dorm opposite Mr. Hughes' cell, where the attack occurred. In this dorm, officers cannot see to the opposite side of the dorm while at their assigned station. The parties dispute whether Officer Ash arrived on the scene in time to stop the assault.[4] Once Officer Ash became aware of the assault, he initiated a "10-10" emergency radio call requesting back up. Once back up arrived, the offenders separated. In total, the fight lasted approximately five minutes.[5]

Mr. Hughes states that when asked, Officer Ash explained that he did not try physically to stop the altercation because he did not want to get hit with the lock or get blood on him. According to Mr. Hughes, in response to a question as to why he did not use his pepper spray, Officer Ash stated that he would have to do about an hour and a half of paperwork and that we was

---

[3] While Mr. Hughes attempts to refute this fact by stating that he has seen it done, he cites no evidence to support his statement.

[4] Mr. Hughes argues that Officer Ash was the Officer-In-Charge at the time of the assault and that Officer Ash misrepresented this fact in his interrogatory answers. Whether Officer Ash was the Officer-In-Charge or not, however, is not a material fact here and the Court will not consider it.

[5] Officer Ash attempts to discredit Mr. Hughes' recollection of the events surrounding the altercation asserting that Mr. Hughes took a number of blows to the head and that he was knocked unconscious. Whether Mr. Hughes was knocked unconscious is not a material fact and the Court will not accept Officer Ash's invitation to question Mr. Hughes' credibility at the summary judgment stage. *See Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.").

not going to do it.[6]

### III.  DISCUSSION

Mr. Hughes' claims against Officer Ash are based on the Eighth Amendment's proscription against cruel and unusual punishment.  Mr. Hughes asserts that Officer Ash violated his right to be free of cruel and unusual punishment by failing to protect him from Mr. Canton's assault.  The Eighth Amendment requires prison officials to protect inmates "from violence at the hand of other inmates."  *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Weiss v. Cooley,* 230 F.3d 1027, 1033 (7th Cir. 2000) (explaining that the failure to implement a proper classification system with the motive of allowing or helping prisoners to injure one another states a claim of deliberate indifference).  As the Seventh Circuit has observed, however, "prisons are dangerous places.  Inmates get there by violent acts, and many prisoners have a propensity to commit more."  *Grieveson,* 538 F.3d 777 (internal quotation omitted)*.*  Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility."  *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005).  Instead, a prison official will be held liable for failing to protect an inmate only if deliberate indifference to a prisoner's welfare "effectively condones the attack by allowing it to happen."  *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)).

---

[6] Officer Ash urges the Court to disregard Mr. Hughes' statement as hearsay, but this statement is admissible as a statement of a party opponent.  Officer Ash also challenges Mr. Hughes' statement as inconsistent with the affidavit of Harvey Hampton with respect to the time the paperwork would take, but viewing the evidence in the light most favorable to Mr. Hughes as the non-moving party, the slight discrepancy is not sufficient to totally discredit Mr. Hughes' testimony.  Officer Ash goes on to ask the Court to disregard the Hampton affidavit and other testimony by Mr. Hughes.  Officer Ash asserts both that Mr. Hampton is not credible and that he has "refuted" certain evidence present by Mr. Hughes. These challenges to the evidence Mr. Hughes presents are rejected because at the summary judgment stage, it is inappropriate and impermissible to credit one party's testimony or evidence over another's.  *See id.*

To establish a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison official acted with "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 833. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety" – that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prisoner alleging an Eighth Amendment violation need not show that prison officials believed that harm would actually occur: "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. Courts have found a substantial risk of serious harm when a prison official has knowledge of a threat to a specific prisoner from a specific source. *See Brown v. Budz*, 398 F.3d 904, 914-15 (7th Cir. 2005) (collecting cases). A prison official, however, may avoid liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. Furthermore, the mere negligent failure to protect a prisoner from assault does not constitute a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Mr. Hughes alleges that Officer Ash was deliberately indifferent (1) by failing to protect Mr. Hughes from the risk of attack by Mr. Canton and (2) by failing to respond reasonably when he observed Mr. Canton assaulting Mr. Hughes.

**A.     Risk of Attack**

Officer Ash first argues that he was not deliberately indifferent to the risk of assault because: (1) he did not know that Mr. Hughes faced a substantial risk of serious harm from Mr. Canton and (2) there is no evidence that he failed to take reasonable measures to deal with the risk.

6

Each argument is addressed below.

Officer Ash asserts that he was not aware of a substantial risk that Mr. Canton would assault Mr. Hughes. He states that Mr. Canton never stated when he was going to assault Mr. Hughes and that his threats to Mr. Hughes were vague and not sufficient to put him on notice of a possible risk of assault. On the other hand, Mr. Hughes asserts that Mr. Canton had threatened him and that he advised Officer Ash of these threats. Mr. Hughes goes on to explain that Mr. Canton escalated those threats, stating, among other things, that he was going to put Mr. Hughes in the hospital, and that he reported these threats to Officer Ash. Given this evidence, a reasonable jury could accept Mr. Hughes' conclusion that Officer Ash was aware of a substantial risk that Mr. Hughes would be seriously injured by Mr. Canton. While Mr. Hughes did not know when Mr. Canton planned on assaulting him, the threats he reported to Officer Ash were not vague or insubstantial. There is therefore a dispute of material fact regarding whether Mr. Canton made specific threats to Mr. Hughes which Mr. Hughes relayed to Officer Ash that were sufficient to put Officer Ash on notice of a substantial risk to Mr. Hughes' safety.

Officer Ash next argues that even if he was aware of a substantial threat to Mr. Hughes' safety, he responded reasonably. *Fisher v. Lovejoy,* 414 F.3d 659, 664 (7th Cir. 2005) ("Even if an official is found to have been aware that [the inmate] was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner."). When Mr. Hughes approached Officer Ash concerning his fear of harm from Mr. Canton, Officer Ash responded by relaying this information to his immediate supervisor. Officer Ash explains that he did not have authority to make cell or dorm changes. Mr. Hughes argues in response that he has "seen it done." This statement is insufficient to raise a genuine issue of material fact. It is not supported

7

by citation to the record and Mr. Hughes makes no reference to any DOC policy regarding Officer Ash's authority in such a situation. It is therefore undisputed that Officer Ash did not have the authority to relocate Mr. Hughes as he requested.

While there is a dispute of fact regarding whether Officer Ash was aware of a substantial risk to Mr. Hughes' safety, it is undisputed that Officer Ash responded reasonably within his means to any risk. He did not have the authority to relocate Mr. Hughes and he cannot be considered to have acted unreasonably by failing to do that which he was not authorized to do. Officer Ash's motion for summary judgment is therefore **GRANTED** to the extent that there is no genuine issue of material fact as to whether Officer Ash responded reasonably to Mr. Hughes' complaints of threats by Mr. Canton.

**B.     Response to Attack**

Officer Ash next argues that his response to Mr. Canton's attack – calling and waiting for back up – was reasonable and therefore not deliberately indifferent to Mr. Hughes' needs. Mr. Hughes argues in response that Officer Ash unreasonably failed to employ pepper spray to break up the fight.

Officer Ash was not deliberately indifferent when he chose not to physically intervene in the altercation, but instead called and waited for back up. The Seventh Circuit and other courts have held that officers are not required to risk injury to themselves to break up a fight between inmates. *See Eddmonds v. Walker*, 317 F. App'x 556, 558 (7th Cir. 2009); *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007) ("A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy."); *Peate v. McCann*, 294 F.3d

8

879, 883 (7th Cir. 2002); *MacKay v. Farnsworth,* 48 F.3d 491, 493 (10th Cir.1995) (failing to intervene between inmates fighting with weapons is not deliberate indifference); *Arnold v. Jones,* 891 F.2d 1370, 1373 (8th Cir.1989) (if intervening in a prison fight could cause serious injury, guards have no duty to do so as a matter of law).

There is a dispute of material fact, however, regarding whether Officer Ash unreasonably failed to employ pepper spray to break up the altercation. Mr. Hughes asserts that he asked Officer Ash why he did not use his pepper spray and Officer Ash responded that he did not want to do the related paperwork. In response, Officer Ash challenges the admissibility and credibility of Mr. Hughes' evidence on this point, but does not otherwise discuss the use of pepper spray or explain why the use of pepper spray would not have been a reasonable response under the circumstances. In his statement of facts, Officer Ash seeks to imply that he did not see the fight begin or arrive in time to stop it, but he provides no evidence on the timeframe of events and no testimony to support his suggestion that he did not have time to employ pepper spray to break up the fight. Officer Ash also argues that the fact that he saw "Mr. Canton hit [Mr. Hughes] does not mean that by the time he was close enough to use his pepper spray, the fight was not over." The burden on summary judgment is on Officer Ash as the moving party to show that there are no disputed material facts. Officer Ash's attempts to refute Mr. Hughes' evidence with his own testimony and to discredit Mr. Hughes' evidence without evidence of his own are insufficient to satisfy this burden. Officer Ash's motion for summary judgment is therefore **DENIED** to the extent that there is a question of material fact as to whether Officer Ash's failure to use pepper spray to break up the altercation between Mr. Canton and Mr. Hughes constituted deliberate indifference.

## IV. CONCLUSION

For the purposes of this motion, the evidence has been viewed in the light most favorable to Mr. Hughes, the non-movant. It is undisputed that Officer Ash responded reasonably to the threats issued by Mr. Canton against Mr. Hughes before Mr. Canton attacked Mr. Hughes. It is also undisputed that Officer Ash did not display deliberate indifference by not risking his own safety and attempt to break up the fight. However, a reasonable jury who accepts Mr. Hughes' version of the facts could conclude that Officer Ash exhibited deliberate indifference to a serious risk to Mr. Hughes by failing to employ pepper spray. Officer Ash's motion for summary judgment (Dkt. 123) is **GRANTED** with respect to the issue of whether Officer Ash responded reasonably to Mr. Hughes' complaints of threats by Mr. Canton; but **DENIED**[7] with respect to Officer Ash's response to the attack.

No partial final judgment shall issue as to the claims resolved in this Entry.

**SO ORDERED.**

Date: 02/22/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dino L. Pollock
OFFICE OF THE INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

Mr. Michael Hughes, #922417
Indianapolis Re-Entry Educational Facility
401 North Randolph Street
Indianapolis, Indiana 46201

---

[7] Mr. Hughes' motion for extension of time to file his response to the motion for summary judgment (Dkt 152) and Officer Ash's motion to strike surreply (Dkt. 154) are each **GRANTED** to the extent that the Court has considered Mr. Hughes' surreply to the extent consistent with Local Rule 56-1.